## SCHELLBERG MFG. CORPORATION v. EMPRINGHAM et al.

District Court, S. D. New York. February 6, 1929.

John L. Ketcham, of New York City, for plaintiff.

B. C. Stickney, of New York City, for defendants.

WINSLOW, District Judge. This is an equity action in which the plaintiff claims that the defendants have infringed plaintiff's reissue patent No. 16,251, granted January 12, 1926.

The original patent was issued August 8, 1922, No. 1,425,420, and thereafter duly assigned to the plaintiff. The application for a reissue of the patent was made November 17, 1923. The patent covers an apparatus used in colonic therapy. The device is a combination of elements, none of which is separately new, and some of which have been used in surgical and medical appliances; but the patentee contends that an advance was made in the art and that, by reason of this particular appliance, it is possible to treat the entire length of the colon by the insertion of the tube safely, for excavation and medicament.

The original answer interposed by the defendant Empringham alleged that he had copied plaintiff's device with his consent and acquiescence. Later on, by various amendments and amended answers, including the answers of the other defendants, there was a denial that they had infringed plaintiff's device. The other defenses which are material in the case are a contention that the patent is invalid for want of novelty and that the device is a mere aggregation. Apparently, it is contended also that the reissue was broader than the original patent, and that the claims were not a correction or proper restatement of the claims of the original patent.

Some 21 patents were cited by defendants as anticipatory, and many books and publications were offered in evidence.

This voluminous record discloses much that is irrelevant and confusing. No expert was offered by defendants to explain the many alleged anticipatory patents. Apparently, it was deemed to be the duty of the court to examine these many patents and pass on them. Assuming that such burden does rest upon the court, I am not convinced that any of them negative the novelty of plaintiff's device. I doubt very much whether the court is called upon, under the circumstances, to make a detailed and exhaustive study of these patents alleged to be anticipatory. The court has endeavored, however, to read them with a sense of obligation in the premises. They do not show anticipation.

On the question of infringement, I am un-

able to find any serious denial on the part of defendants that they had made and used an apparatus substantially the same as plaintiff's device. The defendant Empringham said: "It was essentially the same," although more "crude" and "cheaper in construction."

Later on, it is admitted that a device which differed only in minor particulars from plaintiff's was used by the defendants to a limited extent. Apparently, the original device is not in use at the present time. Infringement is not seriously disputed.

The question which merits consideration, to my mind, is the question of the validity of the patent and the scope of the reissue. The granting of the patent raises the presumption in favor of validity of the patent, and also the presumption that the necessary requirements, both in the original patent and in the reissue, have been fully complied with. This presumption of validity, to my mind, has not in the slightest degree been overcome by the defendants, notwithstanding this voluminous record, much of which is beside the point. The record is quite unsatisfactory as to whether or not an infringing device has been used by the defendants up to the commencement of the action. I am inclined to think that the record justifies that conclusion. In any event, the defendants, by their amendments to the answer, claim the right to use a device substantially the same as plaintiff's, if they see fit to do so.

The witness for the plaintiff, explaining the reissue, contends, and I think properly, that the claims of the original patent were explained and with greater particularity set forth in the reissue and the operation of the apparatus is more clearly presented. The effect, to my mind, of the claims of the reissue was to narrow and restrict the somewhat insufficient specifications of the original patent. The original patent apparently was broad, at times to the point of generality. The corrected specifications of the reissue patent make the description more clear and limited. The claims are not enlarged, but restricted and made more definite.

The intervening period between the granting of the original patent, and the reissue, I do not think was unusual. Certainly, there were no equities that arose in behalf of defendants during this period. The defendants had invented nothing—at best, they had copied the identical apparatus to which they had had access in plaintiff's place of business.

Infringement is proven; the presumption of validity is not overcome. The plaintiff is entitled to a decree sustaining the reissue patent and the claims thereunder. I do not think, however, that the record justifies treble damages by the plaintiff, as demanded. Indeed, if this record be all that may be disclosed, I am of the opinion that nominal damages are all that could be shown.

The usual decree in favor of plaintiff against the defendants will issue.